Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8964 | **DATE** | 3/29/2012 |
| **CASE TITLE** | Ortiz vs. Underwriter at Lloyd's, London, et al. | | |

**DOCKET ENTRY TEXT**

Defendant Stassen's Motion to Dismiss and/or for Summary Judgment [8] is granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

■ [ For further details see text below.]

Docketing to mail notices.

### STATEMENT

    Before the Court is John E. Stassen and Stassen Insurance Agency, Inc.'s (collectively, "Stassen") Motion to Dismiss and/or for Summary Judgment. For the following reasons, Stassen's motion is granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

    This matter concerns an insurance dispute over whether a tractor-trailer purportedly owned by Ortiz is entitled to physical damage coverage arising from an April 18, 2007 accident in Florida that killed Ortiz's aunt and uncle. Ortiz filed the original lawsuit in this dispute in the Circuit Court of Cook County, Illinois on March 17, 2009. Ortiz v. Underwriters at Lloyd's London, No. 09 L 3258. Ortiz amended his state complaint in 2009 to include a claim against Stassen. Stassen moved to dismiss the state complaint in October 2010. Prior to the hearing on the motion to dismiss, Ortiz voluntarily dismissed Stassen as a defendant from the state case. On February 28, 2011, the state court ordered that, "Stassen Insurance Agency is hereby dismissed [without prejudice] from this action voluntarily pursuant to 735 ILCS 5/2-1009." Mem. in Supp. of Underwriters' Mot. to Dismiss Ex. B. Stassen has not been named in subsequent amended complaints in the state case.

    Ortiz filed the instant nine-count federal complaint on December 19, 2011. The complaint alleges that Stassen "was an agent for the underwriter at Lloyd's London," Compl. ¶ 8, "was an agent for Defendant Occidental Fire," id. ¶ 9, and "is an insurance agency, inc., represent [sic] underwriter at Lloyd's London Insurance and Occidental Fire," id. ¶ 10. Beyond this, the complaint contains no substantive allegations against Stassen.

    Stassen argues that the this case should be dismissed because Ortiz fails to state any legally cognizable claim against John Stassen individually or against Stassen Insurance Agency. Stassen notes that, prior to the state case, it had no professional, contractual, or any other relationship or communication with Ortiz. Ortiz has not filed a response to Stassen's motion to dismiss.

    The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint's allegations "must plausibly suggest that the plaintiff has a

| STATEMENT |
|---|

right to relief, raising that possibility above a 'speculative level.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 767 (7th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569 n.14 (2007)).

    Any claims that Ortiz might intend against Stassen would require robust speculation. The complaint therefore has not raised a right to relief against Stassen "above a speculative level." Id. Under Twombly, Ortiz has not stated a claim against Stassen. Stassen's motion to dismiss is therefore granted.

    IT IS SO ORDERED.

FILED
2012 MAR 30 PM 4:52
CLERK
U.S. DISTRICT COURT