



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8964 | **DATE** | 3/29/2012 |
| **CASE TITLE** | Ortiz vs. Underwriters at Lloyd's, London, et al. | | |

**DOCKET ENTRY TEXT**

Defendant Underwriters at Lloyd's, London's Motion to Dismiss for Lack of Standing [16] is granted. Plaintiff's Verified Response Motion in Opposition to Defendant's Underwriter's at Lloyd's London, Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) [58] is denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Before the Court is Defendant Underwriters at Lloyd's, London's ("Underwriters") motion to dismiss Plaintiff Rafael Ortiz's ("Ortiz") complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, the motion is granted.

This matter concerns an insurance dispute over whether a tractor-trailer purportedly owned by Ortiz is entitled to physical damage coverage arising from an April 18, 2007 accident in Florida that killed Ortiz's aunt and uncle. Ortiz filed the original lawsuit in this dispute in the Circuit Court of Cook County, Illinois, on March 17, 2009, Ortiz v. Underwriters at Lloyd's London, No. 09 L 3258 ("Cook County Case"), and the instant federal complaint on December 19, 2011. Underwriters raises both facial and factual challenges to subject matter jurisdiction. The Court need only address the factual challenge, as it is dispositive.

"As a jurisdictional requirement, the plaintiff bears the burden of establishing standing." Apex Digital, Inc. v. Sears, Roebuck & Co., 572 F.3d 440, 443 (7th Cir. 2009). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or particular issues." Id. (internal quotations omitted). A factual challenge to subject matter jurisdiction lies where "the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction." United Phosphorus, Ltd. v. Angus Chem. Co., 322 F.3d 942, 946 (7th Cir. 2003) (en banc). "The law is clear that when considering a motion that launches a factual attack against jurisdiction, '[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" Apex Digital, Inc., 572 F.3d at 444 (quoting Evers v. Astrue, 536 F.3d 651, 656-57 (7th Cir. 2008)).

Underwriters argues that Ortiz lacks standing because his rights against them have been assigned to his former counsel and judgment creditor, Newman Raiz, LLC ("Raiz"). Indeed, on December 29, 2011, Judge Grady of the Sixteenth Judicial Circuit, Kane County, issued an order assigning to Raiz all of Ortiz's causes of action against Underwriters arising from the Cook County Case. Mem in Supp. of Underwriters' Mot. to Dismiss for Lack of Standing Ex. Q. Judge Grady's order specifically states that "[t]he settlement of the

| STATEMENT |
|---|

claims [in the Cook County Case] shall serve as a bar against any pending or further claims RAFAEL ORTIZ may have against [Underwriters] arising out of the same transaction(s) set forth in 2009 L 3528." Id.

As set forth in this Court's Minute Order granting co-defendant Occidental's motion to dismiss, the instant federal complaint arises from the same operative facts as the Cook County Case. See Minute Order, Mar. 29, 2012. Both cases seek a declaration of insurance coverage pursuant to the same insurance policies arising from the same April 18, 2007 accident. Ortiz has not produced any evidence to rebut the allegation that the state court has assigned his rights against Underwriters to Raiz. Accordingly, Ortiz does not have standing to pursue this matter in federal court against Underwriters. See Apex Digital, Inc., 572 F.3d at 444 (holding that plaintiff lacked standing after defendant produced "a letter indicating that [plaintiff] had sold and assigned *all rights* in its accounts receivable to [a third party]"); see also Nat'l Ass'n of Realtors v. Nat'l Real Estate Ass'n, 894 F.2d 937, 941 (7th Cir. 1990) ("[I]f an injured person assigns his right of action to someone else, the *assignee* has standing to enforce the right even though he is not the one who was injured by the defendant's wrongdoing.") (emphasis added).

If this was not enough, Ortiz has also signed a settlement in the Cook County Case releasing all claims against Underwriters. On February 27, 2012, Judge Bartkowicz issued an order enforcing the settlement and dismissing Underwriters from the Cook County Case with prejudice. See Reply in Support of Mot. to Dismiss Ex. B ("Underwriters' motion to enforce settlement w/ Plaintiff Ortiz is granted and Underwriters are hearby dismissed with prejudice.").

In sum, Ortiz has filed this litigation after executing a settlement agreement releasing Underwriters of the claims that he is now pursuing against them. Further, pursuant to a state court order, Ortiz has assigned his rights against Underwriters to Raiz, who expressly accepted the assignment pursuant to Ortiz's settlement with Underwriters. On this record, Ortiz lacks standing to bring this lawsuit against Underwriters in federal court. Underwriters' motion to dismiss is therefore granted.

Ortiz has also filed a "Verified Response Motion in Opposition to Defendant's Underwriter's at Lloyd's London, Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)." This motion, which the Court construes as Ortiz's response brief, was filed nearly two weeks after Ortiz's response was due. For docket control purposes, this motion is denied.

IT IS SO ORDERED.

FILED
2012 MAR 30 PM 4:52
U.S. DISTRICT COURT