# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8964 | **DATE** | 3/29/2012 |
| **CASE TITLE** | Ortiz vs. Underwriters at Lloyd's, London, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss [41] is granted. Plaintiff's Verified Response Motion in Opposition to Defendant's American Trucking Network, Inc., Frande Express, Inc., Motion to Dismiss [61] is denied.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Before the Court is Defendants American Trucking Network, Inc., Frande Express, Inc., and Maria Marin's (collectively, "Defendants") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1),(6). For the following reasons, the motion is granted.

    This matter concerns an insurance dispute over whether a tractor-trailer purportedly owned by Ortiz is entitled to physical damage coverage arising from an April 18, 2007 accident in Florida that killed Ortiz's aunt and uncle. Ortiz filed the original lawsuit in this dispute in the Circuit Court of Cook County, Illinois, on March 17, 2009, Ortiz v. Underwriters at Lloyd's London, No. 09 L 3258, and the instant federal complaint on December 19, 2011.

    Ortiz's primary allegation against Defendants concerns an alleged oral promise to obtain physical damage insurance for the tractor-trailer on his behalf prior to the April 18, 2007 accident. Defendants first argue that the federal claims must be dismissed for failure to state a claim. The Court agrees.

    The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint's allegations "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 767 (7th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569 n.14 (2007)).

    Counts I-III seek a declaration that two insurance policies—one provided by co-defendant Occidental and the other by co-defendant Lloyd's London—provide coverage for the tractor-trailer pursuant to various endorsements and attachments. These counts do not state a claim against Defendants. Defendants are neither insurance providers nor agents of insurance providers. Ortiz does not allege that Defendants violated any federal law or regulation, and Defendants were not parties to the insurance policies at issue. Indeed, the federal claims contain no substantive allegations against Defendants whatsoever. Any claims that Ortiz might intend against Defendants on these counts would require robust speculation. With respect to Counts I-III, the complaint has not raised a right to relief against Defendants "above a speculative level." Id. Pursuant to Rule 12(b)(6), the federal claims are therefore dismissed.

| STATEMENT |
|---|

This leaves state law claims for breach of contract, fraud, and negligence. Because the Court is granting motions to dismiss by co-defendants Occidental, Underwriters at Lloyd's London, and Stassen, no federal claims remain in this case.

There is also no diversity jurisdiction. Federal courts may not exercise diversity jurisdiction if there are citizens of the same state on both sides of the lawsuit. See 28 U.S.C. § 1332. Ortiz alleges that he is a resident of Illinois, Compl. ¶ 7, that Defendant American Trucking is a "dissolved Illinois Corporation," id. ¶ 11, and that Defendant Maria Marin is a resident of Illinois, id. ¶ 12. Not only does Ortiz fail to allege citizenship, see Hunter v. Amin, 583 F.3d 486, 491 (7th Cir. 2009) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction.") (internal quotation omitted), he alleges that parties from both sides of the lawsuit are from Illinois. Ortiz has not alleged a basis for diversity jurisdiction.

Because there is neither diversity nor federal question jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3).

Ortiz has also filed a "Verified Response Motion in Opposition to Defendant's American Trucking Network, Inc., Frande Express, Inc., Motion to Dismiss." The Court construes this motion, along with the corresponding memorandum, as Ortiz's response brief. For docket control purposes, the motion is denied.

IT IS SO ORDERED.

FILED
2012 MAR 30 PM 4:52
U.S. DISTRICT COURT