Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle . | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 8964 | DATE | 3/29/2012 |
| CASE TITLE | Ortiz vs. Underwriters at Lloyd's, London, et al. | | |

**DOCKET ENTRY TEXT**

Defendant Occidental's Motion to Dismiss [12] is granted.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the Court is Occidental Fire and Casualty Company of North Carolinas's ("Occidental") motion to dismiss Plaintiff Rafael Ortiz's ("Ortiz") complaint. For the following reasons, Occidental's motion is granted pursuant to Federal Rule of Civil Procedure 12(b)(6) because Ortiz's claims are barred by res judicata.

This matter concerns an insurance dispute over whether a tractor-trailer purportedly owned by Ortiz is entitled to physical damage coverage arising from an April 18, 2007 accident in Florida that killed Ortiz's aunt and uncle. Ortiz filed the original lawsuit in this dispute in the Circuit Court of Cook County, Illinois on March 17, 2009. Ortiz v. Underwriters at Lloyd's London, No. 09 L 3258. Although the state case is ongoing, all claims against Occidental have been dismissed.

The second amended state complaint, the last complaint to which Occidental was a party, sought a declaration that the Occidental policy at issue provided coverage to the tractor-trailer under either endorsement 5 to the policy (Count III) or under the MCS-90 endorsement attached to the policy (Count IV). Occidental Mem. in Supp. of Mot. to Dismiss Ex. B. On August 11, 2010, the state judge dismissed both claims against Occidental, ruling that:

> For the reasons stated by the court in open court, the court finds as a matter of law that there is no coverage available to plaintiff under Occidental policy number CT00018878 and judgment on the pleadings is entered in favor of Occidental and against plaintiff on counts III and IV of plaintiff's second amended complaint. . . . The court makes an express finding pursuant to supreme court rule 304(a) that there is no just reason to delay enforcement or appeal of this order.

Id. Ex. C ("State Order"). Ortiz did not appeal.

On December 19, 2011, Ortiz filed the instant nine-count federal complaint naming multiple defendants. Count I does not seek relief against Occidental. Counts II and III seek a declaration that the Occidental policy at issue provides coverage to the tractor-trailer: Count II is styled "Declaratory Relief Coverage by Endorsement Occidental," and Count III is styled "In the Alternative – Declaratory Judgment – Coverage Under; MCS-90 Endorsement Occidental." The remaining counts are state claims for breach of contract, fraud, and negligence. It is unclear if the state claims seek relief against Occidental.

Occidental moves to dismiss based, among other things, on res judicata arising from the State Order. To determine whether res judicata applies, the Court applies the preclusion law of Illinois, the state that rendered the judgment. Arlin-Golf, LLC v. Vill. of Arlington Heights, 631 F.3d 818, 821 (7th Cir. 2011) (citation omitted); see also 28 U.S.C. § 1738. "'The doctrine of *res judicata* provides that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action.'" Id. (quoting Nowak v. St. Rita High Sch., 757 N.E.2d 471, 477 (Ill. 2001)). "Res judicata applies when '(1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies.'" Id. (quoting Nowak, 757 N.E.2d at 477). When res judicata is established, it is "conclusive not only as to every matter which *was* offered to sustain or defeat the claim or demand, but as to any other matter which *might* have been offered for that purpose." Id. (quoting Nowak, 757 N.E.2d at 477).

All three elements are satisfied here. First, the State Order was a ruling on the merits that became final when Ortiz failed to appeal. Ortiz appears to argue that he voluntarily dismissed the state case pursuant to 725 ILCS 5/2-1009, meaning that any order entered prior to the voluntary dismissal, such as the State Order, is "moot" and has "no res judicata effect." Mem. in Supp. of Pl.'s Resp. in Opp. to Def.'s Mot. to Dismiss 9-10. This is not the law in Illinois, see Muhammad v. Oliver, 547 F.3d 874, 876-77 (7th Cir. 2008) ("'[A] plaintiff who splits his claims by voluntarily dismissing and refiling part of an action after a final judgment has been entered on another part of the case subjects himself to a *res judicata* defense.'" (quoting Hudson v. City of Chi., 889 N.E.2d 210, 217 (Ill. 2008))), and in any event ignores the fact that Occidental was dismissed pursuant to a court order, not a voluntary dismissal. All of Ortiz's theories of liability in the state case were decided on the merits in favor of Occidental. The first element of res judicata is satisfied.

Second, there is an identity of actions. "[T]wo claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations." Tartt v. Nw. Cmty. Hosp., 453 F.3d 817, 822 (7th Cir. 2006) (internal quotations omitted). With respect to Occidental, the relevant state and federal complaints both seek a declaration of insurance coverage pursuant to the same Occidental insurance policy, arising from the same April 18, 2007 accident. More specifically, they both seek a declaration that the Occidental policy provides coverage under either an endorsement to the policy or the MCS-90 endorsement attached to the policy. These claims are one for purposes of res judicata.

The Court further notes that, even if Ortiz asserts breach of contract, fraud, or negligence claims against Occidental in the federal case (and it is not clear that he does), the result would not change. "'Separate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief.'" Arlin-Golf, LLC, 631 F.3d at 812 (quoting River Park, Inc. v. City of Highland Park, 703 N.E.2d 883, 893 (Ill. 1998)); see also Carr v. Tillery, 591 F.3d 909, 913-14 (7th Cir. 2010) ("You cannot maintain a suit, arising from the same transaction or events underlying a previous suit, simply by a change of legal theory." (citing Nowak, 757 N.E.2d at 478-79)). Because the claims in the federal and state complaints arise from a single group of operative facts, Ortiz could have litigated and resolved the state claims in the state case. Having failed to do so, Ortiz is barred from attempting to raise and litigate them against Occidental here.

Third, identity of parties is clear as Ortiz is the plaintiff in both cases and Occidental is a defendant in both cases. All of the elements of res judicata are therefore satisfied.

Finally, the Court notes that Ortiz also seeks to strike Occidental's motion to dismiss because it is not verified pursuant to 735 ILCS 5/2-605(a). This argument has no merit. This case is governed by the Federal Rules of Civil Procedure, not the Illinois Rules. There is no federal rule requiring that motions to dismiss be verified.

For the foregoing reasons, Ortiz's complaint as to Occidental is dismissed with prejudice.
IT IS SO ORDERED.