# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8964 | **DATE** | 1/25/2013 |
| **CASE TITLE** | Rafael Ortiz vs. Underwriters at Llyod's London, et al. | | |

**DOCKET ENTRY TEXT**

Defendant Underwriters at Llyod's London's Motion for Sanctions [50] is granted. Underwriters shall file a proposed order providing its costs and attorneys' fees incurred as a result of Plaintiff Rafael Ortiz's abusive litigation practices on or before February 22, 2013. /s/ Charles R. Norgle

■ [ For further details see text below.]                                                           Docketing to mail notices.

## STATEMENT

Before the Court is Defendant Underwriters at Lloyd's London's ("Underwriters") motion for sanctions pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's inherent power. For the following reasons, the motion is granted pursuant to Rule 11.

This action involves an insurance dispute over whether a tractor-trailer purportedly owned by Plaintiff Rafael A. Ortiz ("Plaintiff") is entitled to physical damage coverage arising from an April 18, 2007 accident in Florida that killed Plaintiff's aunt and uncle. Plaintiff filed the original lawsuit in the Circuit Court of Cook County, Illinois on March 17, 2009. Ortiz v. Underwriters at Llyod's London, No. 09 L 3258. Underwriters was released from that litigation pursuant to a settlement agreement which Plaintiff, through counsel, had negotiated. The settlement amount was held in escrow by the Clerk of the Circuit Court of Cook County. Underwriters alleges that Plaintiff filed this lawsuit on the same day that it tried to enforce the settlement agreement, December 19, 2011. On December 29, 2011, Plaintiff's claims against Underwriters, including the settlement amount being held in escrow, were awarded to Plaintiff's judgment creditor, Newman Raiz. Plaintiff was present and appeared pro se at that hearing. Despite that ruling, Plaintiff refused to dismiss the instant action against Underwriters.

Because Plaintiff's claims were settled and subsequently assigned to a judgment creditor, Underwriters' motion to dismiss this action for lack of standing was granted on March 29, 2012. The various dismissals of Plaintiff's claims were summarily affirmed on September 28, 2012. See Ortiz v. Underwriter at Lloyd's of London, No. 12-2078 (7th Cir. Sept. 28, 2012). Underwriters alleges that sanctions are warranted because, even though Plaintiff knew that his claims had been settled in state-court and later assigned to a judgment creditor, he unreasonably and intentionally pursued the same claims in this litigation in bad faith, vexatiously, and "motivated by a desire to harass Underwriters through needless litigation." Underwriters' Mem. in Supp. of Their Mot. for Sanctions 1-2. Pursuant to Rule 11, "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and that] the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b). "The central purpose of Rule 11 is to deter abusive litigation practices." Mortle v. United Parcel Service, 247 F. App'x 820, 823 (7th Cir. 2007) (internal quotation marks and citation omitted). "A district court has the inherent power 'to address a full range of litigations abuses.'" Grochocinski v. Mayer Brown Rowe & Maw LLP, 452 B.R. 676, 682 (N.D. Ill. 2011) (quoting Manez v. Bridgestone Firestone N. Am. Tire LLC, 533 F.3d 578, 585 (7th Cir. 2008)). "This includes the power to assess attorney's fees in certain circumstances, such as 'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Id. (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991)).

## STATEMENT

On March 16, 2012, the Court ordered Plaintiff to respond to the instant motion on or before April 20, 2012, and Defendants were to reply by May 4, 2012. While Underwriters filed a timely reply, Plaintiff failed to file a response. On July 25, 2012, the Court gave Plaintiff one final opportunity to file a response to this motion on or before August 13, 2012. On August 8, 2012, Plaintiff re-filed a response to a previous motion to quash a subpoena and for sanctions, purportedly in response to this motion. Even when construed liberally, Plaintiff's duplicative filing is largely unresponsive to this motion for sanctions. As a result of Plaintiff's filing, however, Underwriters had to expend time and money to file another reply. Plaintiff fails to provide a good faith basis or a reasonable explanation as to why he filed this case when he had previously settled these claims and why he continued to litigate even though he was present when the claims were assigned to his judgment creditor. Although Plaintiff is proceeding pro se, he is still obligated to act in good faith and to refrain from filing and pursuing nonfrivolous claims. See Pearle Vision, Inc. v. Romm, 541 F.3d 751, 758 (7th Cir. 2008) ("That courts are required to give liberal construction to pro se pleadings is well established. However, it is also well established that pro se litigants are not excused from compliance with procedural rules."); Chapman v. Charles Schwab & Co., No. 01 C 9697, 2002 WL 818300, at *13 (N.D. Ill. Apr. 30, 2002) ("Pro se status does not give [a party] 'an unfettered license to wage an endless campaign of harassment . . . or to abuse the judicial process.'" (quoting Pfeifer v. Valukas, 117 F.R.D. 420, 423 (N.D. Ill. 1987))).

Accordingly, the Court grants Underwriters' motion for sanctions. The Court declines to extend sanctions under 28 U.S.C. § 1927 to pro se litigants, and therefore grants this motion pursuant to Rule 11. See Hasham v. Cal. State Bd. of Equalization, No. 96 C 3326, 2008 WL 4091002, at *5 (N.D. Ill. Aug. 21, 2008) (finding that § 1927 typically only applies to attorneys and declining to extend sanctions under that statute to pro se litigants). Underwriters shall file a proposed order providing its costs and attorneys' fees incurred as a result of Plaintiff's abusive litigation practices on or before February 22, 2013.

IT IS SO ORDERED.

2013 JAN 28 AM 10: 31
CLERK
U.S. DISTRICT COURT