# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8964 | **DATE** | 1/25/2013 |
| **CASE TITLE** | Rafael Ortiz vs. Underwriters at Llyod's London, et al. | | |

**DOCKET ENTRY TEXT**

Defendant Occidental Fire & Casualty of North Carolina's Motion for Sanctions [55] is granted. Occidental shall file a proposed order providing its costs and attorneys' fees incurred as a result of Plaintiff Rafael Ortiz's abusive litigation practices on or before February 22, 2013. Also, Occidental's Motion for Hearing [54] is denied.

■ [ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Before the Court are Defendant Occidental Fire & Casualty Company of North Carolina's ("Occidental") motions for sanctions pursuant to Federal Rule of Civil Procedure 11, and for a hearing. For the following reasons, the motion for sanctions is granted, and the motion for a hearing is denied.

This action involves an insurance dispute over whether a tractor-trailer purportedly owned by Plaintiff Rafael A. Ortiz ("Plaintiff") is entitled to physical damage coverage arising from an April 18, 2007 accident in Florida that killed Plaintiff's aunt and uncle. Plaintiff filed the original lawsuit in the Circuit Court of Cook County, Illinois on March 17, 2009. Ortiz v. Underwriters at Llyod's London, No. 09 L 3258. At the time that Plaintiff filed the instant action in this Court, all claims against Occidental in state-court had been dismissed. On March 29, 2012, as a result of the previous adjudication of these claims in state-court, this Court found that Plaintiff's claims against Occidental were barred by the doctrine of res judicata. The various dismissals of Plaintiff's claims were summarily affirmed on September 28, 2012. See Ortiz v. Underwriter at Lloyd's of London, No. 12-2078 (7th Cir. Sept. 28, 2012).

Occidental argues that Plaintiff had no basis to file the instant action and to continue to pursue litigation on his claims when this case is identical to Plaintiff's lawsuit that was previously dismissed against Occidental in state-court. Pursuant to Rule 11, "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and that] the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b). "The central purpose of Rule 11 is to deter abusive litigation practices." Mortle v. United Parcel Service, 247 F. App'x 820, 823 (7th Cir. 2007) (internal quotation marks and citation omitted).

Occidental alleges that even though it provided Plaintiff with a copy of its motion for sanctions in conjunction with its motion to dismiss, Plaintiff continued to pursue its claims against Occidental. On March 16, 2012, the Court ordered Plaintiff to respond to the instant motion on or before April 20, 2012, and Defendants were to reply by May 4, 2012. While Occidental filed a timely reply, Plaintiff failed to file a response. On July 25, 2012, the Court gave Plaintiff one final opportunity to file a response to this motion on or before August 13, 2012. On August 8, 2012, Plaintiff re-filed a response to a previous motion to quash a subpoena and for sanctions, purportedly in response to this motion. Even when construed liberally, Plaintiff's duplicative filing is largely unresponsive to this motion for sanctions. As a result of Plaintiff's filing, however, Occidental had to expend time and money to file an additional reply to this motion. Plaintiff fails to provide a good faith basis or a reasonable explanation as to why he filed this case against Occidental after the identical claims were previously dismissed with prejudice in state-court. Although Plaintiff is proceeding pro se, he is still required to follow all procedural rules. See Pearle Vision, Inc. v. Romm, 541

| STATEMENT |
|---|
| F.3d 751, 758 (7th Cir. 2008) ("That courts are required to give liberal construction to pro se pleadings is well established. However, it is also well established that pro se litigants are not excused from compliance with procedural rules."); Chapman v. Charles Schwab & Co., No. 01 C 9697, 2002 WL 818300, at *13 (N.D. Ill. Apr. 30, 2002) ("Pro se status does not give [a party] 'an unfettered license to wage an endless campaign of harassment . . . or to abuse the judicial process.'" (quoting Pfeifer v. Valukas, 117 F.R.D. 420, 423 (N.D. Ill. 1987))). Accordingly, the Court grants Occidental's motion for sanctions pursuant to Rule 11. Occidental shall file a proposed order providing its costs and attorneys' fees incurred as a result if Plaintiff's abusive litigation practices on or before February 22, 2013. Occidental's motion for a hearing is denied.<br>     IT IS SO ORDERED. |

2013 JAN 28 AM 10:31
CLERK
U.S. DISTRICT COURT